UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CRAIG WILSON, ERIC BELLAMY, KENDAL NELSON, and MAXIMINO NIEVES, on behalf of themselves and those similarly situated,<br><br>           *Petitioners*,<br><br>  v.<br><br>MARK WILLIAMS, warden of Elkton Federal Correctional Institutions; and MICHAEL CARVAJAL, Federal Bureau of Prisons Director, in their official capacities,<br><br>           *Respondents*. | Case No. 20-cv-0794<br><br>Judge James Gwin |

**PETITIONERS' NOTICE OF SUPPLEMENTAL CASE LAW AND RESPONSE TO RESPONDENTS' NOTICES OF SUPPLEMENTAL CASE LAW**

Petitioners respectfully give notice of persuasive authority, including from this Court, regarding the necessity of judicial release from custody of individuals who are medically vulnerable to COVID-19 infection, the vital necessity of social distancing in the custodial context, and the associated deliberate indifference inquiry. *Amaya-Cruz v. Adducci*, No. 1:20 CV 789 (N.D. Ohio Apr. 18, 2020) (attached as Exhibit A); *Cameron v. Bouchard*, No. 20-10949 (E.D. Mich. Apr. 17, 2020) (attached as Exhibit B); *Banks v. Booth*, No. 20-849(CKK) (D.D.C. Apr. 20, 2020) (attached as Exhibit C).

Further, Petitioners respectfully respond to Respondents' notices of supplemental authority, filed on April 18, 2020 (ECF No. 19-1, *Nellson v. Barnhart*) and on April 20, 2020 (ECF No. 20, *Plata v. Newsom*) respectively. Both proffered cases are inapposite. Respondents offer *Nellson* for its discussion of the "exhaustion of administrative remedies," *see* ECF No. 19 at 2, but that is not germane to this case. Administrative exhaustion is not required in the habeas context, *see* ECF No. 18 at 11; *Nellson* is not a habeas case and does not hold otherwise.

1

*Plata* also is not a habeas action, and arises from a profoundly different factual context. Unlike Respondents here, the *Plata* defendants released or dispersed significant numbers of prisoners in response to COVID-19, including releasing 3,500 people, and transferring another 1,300 out of dorm housing. *Id.* at 7-8. California prisons are implementing social distancing as well, including creating and isolating small-group "social distancing cohorts" analogous to family units, "to be separated from the others by a distance of at least six feet in all directions." *Id.* at 10. Also unlike in this action, the court in *Plata* was offered no basis to conclude that six-foot distancing was even an essential measure, such that failure to do so could constitute deliberate indifference, *id.* at 9, whereas this Court has more than ample evidence to support such a finding.

Dated: April 20, 2020

Respectfully submitted,

/s/ David J. Carey

| | |
|---|---|
| David J. Carey (0088787) | David A. Singleton (0074556) |
| ACLU of Ohio Foundation | Mark A. Vander Laan (0013297) |
| 1108 City Park Avenue, Ste. 203 | Michael L. Zuckerman (0097194) |
| Columbus, OH 43206 | Ohio Justice & Policy Center |
| Phone: (614) 586-1972 | 915 East Ninth Street, Suite 601 |
| Fax: (614) 586-1974 | Cincinnati, OH 45202 |
| dcarey@acluohio.org | Phone: (513) 421-1108 |
| | mvanderlaan@ohiojpc.org |
| Joseph Mead (0091903) | dsingleton@ohiojpc.org |
| Freda J. Levenson (0045916) | mzuckerman@ohiojpc.org |
| ACLU of Ohio Foundation | |
| 4506 Chester Avenue | |
| Cleveland, OH 44102 | |
| Phone: (614) 586-1972 | |
| Fax: (614) 586-1974 | |
| attyjmead@gmail.com | |
| flevenson@acluohio.org | |

*Counsel for Petitioners*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2020, the foregoing was filed with the Court's CM/ECF system. Notice of this filing will be sent by operation of that system to all counsel of record.

/s/ David J. Carey
David J. Carey (0088787)
