UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CRAIG WILSON, ERIC BELLAMY, KENDAL NELSON, and MAXIMINO NIEVES, on behalf of themselves and those similarly situated,<br><br>*Petitioners*,<br><br>v.<br><br>MARK WILLIAMS, warden of Elkton Federal Correctional Institutions; and MICHAEL CARVAJAL, Federal Bureau of Prisons Director, in their official capacities,<br><br>*Respondents*. | Case No. 20-cv-0794<br><br>Judge James Gwin |

**PETITIONERS' MEMORANDUM IN OPPOSITION TO**
**MOTION TO FILE UNDER SEAL AND EX PARTE**

Although the personal health information of the Medically-Vulnerable Subclass surely is to be treated with appropriate discretion, Petitioners respectfully submit that the appropriate means of doing so is a reasonable agreed protective order and, at most, narrow redactions of sensitive information. In addition to Petitioners and counsel, potential class members—as well as their family members, representatives, and attorneys—must be permitted to ascertain whether they are on the list. Respondents ask that this Court seal every piece of information on the list, not only from the general public, but from those who may be impacted. That request is overbroad and unwarranted, and should be denied.

Respondents' motion to conduct the class identification process *ex parte* effectively asks this Court to convert the remedial stage of this action into an inquisitorial, rather than adversarial, process. Under Respondents' *ex parte* approach, Petitioners and potential class members will be unable will be in a position to assess if any individuals have been wrongly left off the list. Petitioners Wilson, Bellamy, and Nelson, as well as other individual subclass members, would not

1

know Respondents' position as to whether each is a member of the subclass or not. Absent that knowledge, they will be unable to provide any additional medical information to demonstrate that they should be included, if Respondents chose to exclude them.

Further, absent access not only to Respondents' list, but their specific selection criteria—not only who Respondents chose to include, but who they did *not* choose to include and why—Petitioners will be unable to contest the criteria underlying Respondents' decisions. It is vital that Petitioners have that opportunity, in order to ensure that the relief prescribed by this Court is delivered fairly and fully.

Petitioners respectfully request that the Court deny Respondents' motion, and schedule a conference to discuss appropriate mechanisms to verify the completeness of Respondents' list and the subclass membership.

Dated: April 23, 2020

Respectfully submitted,

/s/ David J. Carey

| | |
|---|---|
| David J. Carey (0088787) | David A. Singleton (0074556) |
| ACLU of Ohio Foundation | Mark A. Vander Laan (0013297) |
| 1108 City Park Avenue, Ste. 203 | Michael L. Zuckerman (0097194) |
| Columbus, OH 43206 | Ohio Justice & Policy Center |
| Phone: (614) 586-1972 | 915 East Ninth Street, Suite 601 |
| Fax: (614) 586-1974 | Cincinnati, OH 45202 |
| dcarey@acluohio.org | Phone: (513) 421-1108 |
| | mvanderlaan@ohiojpc.org |
| Joseph Mead (0091903) | dsingleton@ohiojpc.org |
| Freda J. Levenson (0045916) | mzuckerman@ohiojpc.org |
| ACLU of Ohio Foundation | |
| 4506 Chester Avenue | |
| Cleveland, OH 44102 | |
| Phone: (614) 586-1972 | |
| Fax: (614) 586-1974 | |
| attyjmead@gmail.com | |
| flevenson@acluohio.org | |

*Counsel for Petitioners*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2020, the foregoing was filed with the Court's CM/ECF system. Notice of this filing will be sent by operation of that system to all counsel of record.

/s/ David J. Carey
David J. Carey (0088787)