No. 20-3447

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 30, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CRAIG WILSON, on behalf of themselves and all others similarly situated, et al., | ) ) ) |
| Petitioners-Appellees, | ) ) |
| v. | ) ) |
| MARK WILLIAMS, In his official capacity as Warden of Elkton Federal Correctional Institution, et al., | ) ) ) ) |
| Respondents-Appellants. | ) |

O R D E R

Before: COLE, Chief Judge; GIBBONS and COOK, Circuit Judges.

Petitioners, four inmates housed in the Elkton Federal Correctional Institution, on behalf of themselves and others housed in Elkton, filed a petition under 28 U.S.C. § 2241 to obtain protections to limit their exposure to the COVID-19 virus. They sought to represent all current and future inmates, including a subclass of inmates who—through age and/or certain medical conditions—were particularly vulnerable to complications, including death, if they contracted COVID-19. Following a hearing, the district court entered a preliminary injunction directing Respondents Mark Williams, the Warden of the Elkton Federal Correctional Institution, and Michael Carvajal, the Director of the Federal Bureau of Prisons (collectively, "the BOP"), to take certain steps for the subclass: (1) identify within one day all members of the subclass by sentencing court and case number of their underlying criminal conviction; (2) evaluate each member of the

subclass's eligibility for transfer out of Elkton by any means within two weeks; (3) prioritize their review according to the medical threat level of each inmate; (4) transfer those deemed ineligible for compassionate release to another facility utilizing certain measures to contain the transmission of COVID-19; and (5) prohibit the return of the subclass members transferred to Elkton until the virus abates or a vaccine is available to vaccinate Elkton's population. The BOP appeals, moves to stay the injunction pending resolution of their appeal, and requests an administrative stay of the deadline to identify subclass members. Petitioners move to strike the motion to stay and, alternatively, oppose an administrative stay. The BOP replies, reiterating its prior reasons for granting a stay, and opposes Petitioners' motion to strike.

The COVID-19 virus is extremely contagious. Conditions in detention and correctional facilities favor its more rapid transmission. The measures the BOP implemented to lessen contagion met with limited success at Elkton: dozens of inmates and staff have contracted the virus; and several have died. Thus, we are sympathetic to the Petitioners' concerns. The district court's grant of injunctive relief to Petitioners requires time and effort by the BOP to implement, given the short deadlines it establishes. The BOP also raises several arguments challenging that order. We will address the motions to stay the preliminary injunction and to strike following receipt of responses to those motions and further deliberation. For now, we consider only the request for an administrative stay of the deadline for publicly releasing the identities of those inmates who are members of the subclass.

The BOP seeks an administrative stay in order to protect the disclosure of the subclass members' personal and privileged health information. Further, it asserts release of the information raises security concerns given that other inmates at Elkton could gain access to the information. The BOP was ordered to produce a list of the inmates it identified within a day of the district court's preliminary injunction. It did not. Instead, it moved to file the list under seal and *ex parte*. Petitioners moved to compel production of the list. The district court denied the BOP's motion,

No. 20-3447
-3-

granted Petitioners' motion, and again directed the BOP to produce the list. Only then did it seek to stay its deadline. The BOP has identified 837 inmates in the subclass, which includes all Elkton inmates 65 years or older and those with specific pre-existing medical conditions that are documented. Pursuant to the district court's order, however, the BOP need only identify the subclass member, "each subclass member's sentencing court[,] and the case number of their underlying criminal conviction." (R. 22, Order, Page ID# 371). This limited information, although it identifies an inmate as medically vulnerable, does not disclose what medical condition(s) support the classification. Nor do the BOP's conclusory allegations of security meet their heavy burden of showing a compelling reason why the list should not be publicly available. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

  The request for an administrative stay is **DENIED**.

           ENTERED BY ORDER OF THE COURT

           _____
           Deborah S. Hunt, Clerk