# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CRAIG WILSON, et al. | CASE NO.: 4:20CV794 |
| Petitioners, | JUDGE JAMES S. GWIN |
| v. | |
| MARK WILLIAMS, Warden of Elkton Federal Correctional Institution, et al., | STIPULATED PROTECTIVE ORDER |
| Respondents. | |

This matter is before the Court upon the request of the parties for the protection of certain information and materials disclosed in this litigation that is confidential, privileged, and/or otherwise protected by law from public disclosure, The parties request, and the Court agrees, to enter this Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), for the purpose of assuring the protection and confidentiality of such information and materials.

NOW, THEREFORE, THE PARTIES stipulate, and the Court ORDERS, the following:

1. Scope: This Order applies to all materials and information that will be produced or disclosed during this proceeding captioned *Craig Wilson, et al. v. Mark Williams, Warden of Elkton Federal Correctional Institution, et al.*, Case No. 4:20-cv-00794 ("the Litigation"), including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party to this Litigation (the "Producing Party") to any other party or parties (the

"Receiving Party"). This Protective Order is binding upon all the parties to this Litigation, including individuals, attorneys, principals, agents, experts, consultants, representatives, employees, and others as set forth in this Protective Order, but not including putative or certified class or subclass members who are not named plaintiffs in this action. Nothing in this Order shall restrict the use or disclosure of documents or information obtained independently of discovery or testimony in these proceedings.

2. <u>Form and Timing of Designation</u>: Prior to the production or disclosure of materials or information, a party shall designate all materials that are confidential and restricted in disclosure under this Order ("Confidential Information") by stamping either "ATTORNEY'S EYES ONLY – SUBJECT TO A PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" on the material in a manner that will not interfere with the legibility of the document or material. The Parties agree that they shall designate as Confidential Information only such documents or information that truly contain private, confidential, or highly sensitive information relating to a party or non-parties. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. The Parties agree that the designation of Confidential Information is expected and intended to be applied narrowly, and consistently with the presumption of open court proceedings. Further, the Parties agree that only those portions of a document—including pages, columns of information, or other subsections of a document—that actually contain Confidential Information will be marked with the appropriate designation. Marking a portion of a document containing Confidential Information will not be construed to apply the indicated designation to any other portion

of the document. A party will mark a document "ATTORNEY'S EYES ONLY – SUBJECT TO A PROTECTIVE ORDER" only if it contains law-enforcement sensitive information (defined as information, the disclosure of which would likely jeopardize or seriously harm law enforcement activities), proprietary trade secret information, highly sensitive personal information, private commercial business or financial information, highly sensitive personally identifying information (such as birth dates and social security numbers, but not including, for example, names in association with class or subclass membership), personal medical information, or information otherwise protected by the Privacy Act, 5 U.S.C. § 552(a). A party will mark a document "CONFIDENTIAL – SUBJECT TO A PROTECTVE ORDER" only if the Producing Party in good faith believes it contains private, confidential, or highly sensitive information relating to a party or non-parties, but is not entitled to an "ATTORNEY'S EYES ONLY" designation. If a party produces electronic information ("ESI") that cannot itself be marked with one of these two designations, the party shall place the applicable designation on the physical media used to produce the ESI or in the title of any secure server, link, or file used to produce the ESI.

3. <u>Inadvertent Production</u>: If a party inadvertently produces any document(s), material, information or ESI without a confidentiality designation, that does not, standing alone, forfeit the right to later stamp the document(s), material, information or ESI with a confidentiality designation and obtain for it the full protections of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential

Information, even where the failure to designate was inadvertent and where the material is subsequently designated Confidential Information.

4. <u>Authorized Use</u>:  Documents, materials, information and/or ESI designated "ATTORNEY'S EYES ONLY – SUBJECT TO A PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" shall not be used or disclosed by the parties, counsel for the parties, or any other authorized persons or entities identified in Paragraph 5 for any purpose whatsoever, other than to mediate, settle, prosecute, or defend the above-captioned litigation.

5. <u>Authorized Individuals</u>:  Documents, materials, information, and/or ESI designated "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be available only to (a) counsel for the parties in the Litigation; (b) secretaries, legal assistants, paralegals, and other employees or agents of such counsel assigned to assist such counsel in the Litigation; (c) court reporters in the Litigation, the judge and his/her employees or clerks working on the Litigation; and/or (d) consulting or testifying experts engaged by counsel to assist such counsel in the Litigation, including such experts' staff. Documents, materials, information, and/or ESI designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any third person or entity except, in addition to those persons and entities identified in sections 5(a)-(d) above: (e) parties in this Litigation, class members, or putative class member, but only to the extent that the information is about that individual, and with the exception of law enforcement sensitive information; (f) any witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, including testimony by deposition, declaration, or affidavit. Further, any information pertaining to

4

an individual who may be a class member or putative class member, regardless of confidentiality status, shall be available to: (g) any person who reasonably identifies him or herself as counsel for that class member or putative class member, including secretaries, legal assistants, paralegals, and other employees or agents of such counsel; (h) any counsel, vendor, or other entity tasked with compiling records for the purposes of tracking the inclusion of individuals into the putative class and/or assisting such individuals with locating counsel for representation reasonably related to the Litigation, including secretaries, legal assistants, paralegals, and other employees or agents of such counsel, vendor, or entity.  Any person to whom disclosure is made shall be bound by the terms of this Order. Confidential Information shall not be communicated to the unauthorized persons or entities in any way or form. Counsel shall take measures to prevent unauthorized disclosure of Confidential Information.  Prior to receipt of any Confidential Information provided pursuant to this Order, any third person or entity authorized pursuant to the terms of this Order receiving the materials shall sign the "Acknowledgement of Protective Order" attached hereto. A copy of the signed "Acknowledgement of Protective Order" shall be retained by counsel for the party disclosing the Confidential Information to the authorized third person or entity.  The signed "Acknowledgement of Protective Order" shall be retained by counsel until the above-captioned case is conclusively resolved.  At any time within thirty days of the conclusion of the Litigation or any appeal therefrom by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all such acknowledgments. The party to whom the request is directed shall provide copies of such acknowledgments

to the requesting party within fifteen business days. Notwithstanding the foregoing, nothing in this Order prohibits or limits in any way, the otherwise lawful use and/or disclosure of Confidential Information by the Producing Party.

6. <u>Copies</u>: Prior to providing Confidential Information, including documents and/or ESI, to an authorized person or entity under Paragraph 5, all copies shall be marked with the applicable designation if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

7. <u>Filing and Admission into Evidence</u>: Absent a statute or an order of this Court, documents may not be filed under seal. L.R.5.2. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing. Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects, absent further order from the Court. Nothing in this Order affects the admissibility into evidence of any Confidential Information provided pursuant to this Order. This Order does not constitute a waiver by

any party of any right to object to the admission into evidence or into the formal record in the Litigation of any Confidential Information.

8. <u>Admissibility</u>:  Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.  Nothing herein shall alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

9. <u>De-Designation of Confidential Information</u>:  At any time, any party may formally challenge with the Court the designation of any document, material, information or ESI as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." However, before filing any such motions or objections with the Court, the objecting party shall make a good faith effort to meet and confer with the Producing Party in order to resolve the objection by agreement. If the parties agree to remove a designation, the Producing Party shall put such agreement in writing and re-produce the document, material, information or ESI without the designation. Entry of this Order and compliance with its terms does not constitute an admission that any particular document does in fact contain Confidential Information. None of the parties to this Order shall be obligated to challenge the propriety of the confidential nature of any document, testimony, or other information, and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such document, testimony, or other information to

persons not referred to in this Order, or from otherwise seeking to modify the provisions of this Order.

10. <u>Improper Disclosure</u>:  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. An authorized possessor of Confidential Information will not be deemed to have violated this Order by communicating Confidential Information to anyone reasonably representing to be an authorized recipient of Confidential Information under circumstances and for purposes of which disclosure would be permitted, even if the recipient is not in fact the person they represent to be.  Any party that becomes aware of or reasonably suspects efforts to obtain Confidential Information via fraud or deception will promptly communicate its knowledge or concerns to the opposing party via its attorneys.

11. <u>Obligations on Conclusion of Litigation</u>:  Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Within thirty days after dismissal or entry of final judgment not subject to further appeal, and except as otherwise prohibited by federal law or Ohio law, all Confidential Information and copies thereof shall be destroyed, or returned to counsel of record for the Producing Party, except as otherwise agreed by the Producing Party, and with the exception of documents filed with the Court, including those filed under seal.

To the extent all Confidential Information has been redacted from a document, this paragraph does not apply to the redacted document.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, but it shall continue to be subject to this Order.  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return or, after notice, destroy documents filed under seal or offered at trial.

The undersigned, on behalf of themselves and their respective clients, hereby stipulate the foregoing.

[INSERT SIGNATURE BLOCKS]

Upon review of the foregoing Stipulated Protective Order submitted by the parties, the same is hereby approved.

IT IS SO ORDERED.

---
JUDGE JAMES S. GWIN

---
DATE