# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG WILSON, et al., | ) | CASE NO.: 4:20cv794 |
| | ) | |
| Petitioners, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, Warden of Elkton Federal Correctional Institution, et al., | ) ) ) ) | **MEMORANDUM REGARDING THE EFFECT OF THE SIXTH CIRCUIT'S MAY 4, 2020 ORDER DENYING A STAY UNDER FED. R. APP. P. 8(a)** |
| Respondents. | ) | |

On May 5, 2020, the Court entered an Order requiring certain submissions, including memoranda from both parties "discussing whether the May 4, 2020, Sixth Circuit stay denial is the law of the case regarding Respondent's district court request for a stay, whether the Sixth Circuit's decision is controlling, and whether any issue regarding Respondents' motion to stay remains after the Court of Appeals' May 4, 2020 Order." (ECF No. 45). Respondents Mark Williams, Warden of Elkton Federal Correctional Institution and Michael Carvajal, Director of Federal Bureau of Prisons ("Respondents") respectfully submit the following memorandum in response to the Court's directive. To summarize, (1) the Sixth Circuit's Order denying a stay is *not* the law of the case; (2) the Sixth Circuit's decision denying a stay under Federal Rule of Appellate Procedure 8(a) *does not* bind this Court in deciding whether to issue a stay under Federal Rule of Civil Procedure 62; and (3) the Sixth Circuit's Order *does not* moot

Respondents' Motion for a Stay under Rule 62, which remains pending and should be granted.

## BACKGROUND

On April 22, 2020, the Court issued a Preliminary Injunction requiring that Respondents (1) identify within one day all members of a "subclass" that the Court defined to include Elkton inmates who are considered to be at high risk according to guidelines of the Centers for Disease Control and Prevention (CDC), (2) evaluate each subclass member's eligibility for transfer out of Elkton through any means, including, but not limited to, compassionate release, parole or community supervision, transfer furlough, or non-transfer furlough within two weeks; and (3) transfer subclass members who are ineligible for compassionate release, home release, or parole or community supervision to another BOP facility where appropriate measures, such as testing and single-cell placement, or social distancing, may be accomplished. (ECF# 22 PageID # 371-72.)

On April 27, 2020, Respondents filed a Notice of Appeal from the Court's Preliminary Injunction Order. (ECF No. 26). The following day, April 28, 2020, Respondents filed an Emergency Motion to Stay the Court's Preliminary Injunction Order pursuant to Federal Rule of Civil Procedure 62. (ECF No. 29). On April 29, 2020, Respondents filed an Emergency Motion for Stay in the Sixth Circuit pursuant to Federal Rule of Appellate Procedure 8(a), which included a request for a temporary administrative stay. On April 30, 2020, the Sixth Circuit denied the administrative stay request. On May 4, 2020, the Sixth Circuit denied the Emergency Motion for Stay pending appeal.

## ARGUMENT

"The law-of-the-case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Scott*

*v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The Sixth Circuit has held that the doctrine "is 'directed to a court's common sense' and is not an 'inexorable command.'" *McKenzie v. BellSouth Telecomm. Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)); *see also Arizona*, 460 U.S. at 618 ("Law of the case directs a court's discretion, it does not limit the tribunal's power."). "For a prior decision to control, the prior tribunal must have actually decided the issue." *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015).

Both this Court and the court of appeals possess independent power to issue stays pending appeal, each under differing authority. This Court's authority derives from Federal Rule of Civil Procedure 62, while the Sixth Circuit's comes from Federal Rule of Appellate Procedure 8. While Rule 8(a)(1)(a) describes the process for seeking a stay, Rule 62(d) "regulates the power of the district courts to grant such relief." *Vasile v. Dean Witter Reynolds, Inc.*, No. 99-7297, 2000 WL 236473, at *1 (2d Cir. Feb. 14, 2000); *see* 20 Moore's Federal Practice—Civil § 308.12 (2019) ("The grant of a stay or injunction by the district court is regulated by Civil Rule 62, not Appellate Rule 8."). Federal Rule of Appellate Procedure 8(a)(2)(A) specifically contemplates that motions for a stay of an injunction pending appeal may be brought in both the district court and court of appeals when an appeal is pending. The rule provides that the party seeking such relief "must ordinarily move first in the district court," but also that a motion for such relief "may be made to the court of appeals." Fed. R. App. P. 8(a)(1), (2).

Although the standard for obtaining a stay from either court is essentially the same in this case, each request presents a separate "issue" for law of the case purposes. Read in tandem, Federal Rule of Civil Procedure 62(d) and (g) make clear that both the district court and the appellate court have authority to stay an injunction pending appeal, and one is not mutually

3

exclusive of the other. *See* 11 Wright and Miller, Federal Practice and Procedure § 2908 Power of Appellate Court, (3d ed.) ("[S]ubdivisions (c) [now (d)] and (g) of Rule 62 are read together, and the power to act with regard to an injunction pending an appeal exists in both the trial and appellate courts[.]"); *cf. Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("[T]he district court's power to grant a stay of its judgment pending appeal . . . is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its mandate[.]").

Similarly, a motion filed in the court of appeals under Federal Rule of Appellate Procedure 8 is not equivalent to an appeal from the district court's ruling denying a stay (or a mandamus petition directing the district court to rule on an undecided stay motion), but constitutes an entirely separate request for preservation of the status quo pending appeal. *See UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 276 F. App'x 747, 749 (10th Cir. 2008) (dismissing "appeal" of district court's denial of stay pending appeal for lack of jurisdiction and explaining that appellants should have "re-urge[d]" the stay motion in the court of appeals pursuant to Federal Rule of Appellate Procedure 8(a) instead of "inappropriately" attempting to appeal the district court's denial of the stay pending appeal); *see also A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 917 (6th Cir. 2018) ("Because we are not reviewing any district court decision or order, our review [of the plaintiff's motion for injunction pending appeal under Rule 8(a)(2)(A)(ii)] is *de novo*."). "The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed." 11A Wright and Miller, Federal Practice and Procedure § 2962 Appeals from Orders in Actions Involving Injunctive Relief (3d ed.).

Thus, the law of the case doctrine does not apply because the issues are different. Each

4

court gets to decide whether to exercise its discretion to grant a stay on an independent basis. Because the sources of authority are different, the Sixth Circuit's order denying a stay under Appellate Rule 8 did not decide the same "issue," for law-of-the-case purposes, as presented by Respondents' motion under Rule 62.

Likewise, the Sixth Circuit's order denying a stay does not bind this Court. In its order denying a stay, the Sixth Circuit did not issue any directives to this Court, but merely declined to exercise its independent discretion to order the relief sought by Respondents. As explained above, the Sixth Circuit's ruling did not establish the "law of the case," nor does it otherwise compel this Court to reach the same conclusion. No mandate has issued. Accordingly, this Court remains free to exercise its separate discretion to grant a stay under Federal Rule of Civil Procedure 62.

Finally, as the foregoing discussion implies, Respondents' Motion for a Stay pending appeal remains live and is not moot. The text of Rule 62 itself confirms a district court's continuing authority to stay or otherwise modify its injunction notwithstanding the pendency of an appeal (or a ruling from the court of appeals declining to issue a stay). The rule provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). As such, the district court remains free to issue rulings under Rule 62(d) that "preserve the status quo," so long as it does not "materially alter the status of the case on appeal." *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166-67 (9th Cir. 2001). Here, Respondents' stay request seeks preservation of the status quo, and granting it would not alter the appellate status of the case.

In sum, because Respondents' Motion for Stay pending appeal remains outstanding and is not mooted or otherwise foreclosed by the Sixth Circuit's May 4, 2020 Order, this Court retains authority to grant the relief requested and should – indeed, must – rule on the motion. Respondents respectfully submit that the Court should grant a stay for the reasons set forth in their Corrected Memorandum in Support of Emergency Motion to Stay and the accompanying declarations filed in support thereof.

## CONCLUSION

For the foregoing reasons, Respondents respectfully urge this Court to stay the Preliminary Injunction pending appeal.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: */s/ David M. DeVito*
David M. DeVito (CA #243695)
James R. Bennett II (OH #0071663)
Sara DeCaro (OH #0072485)
Assistant United States Attorneys
United States Courthouse
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113
216-622-3988 - Bennett
216-522-4982 - Fax
James.Bennett4@usdoj.gov
Sara.DeCaro@usdoj.gov
David.DeVito@usdoj.gov

*Attorneys for Respondents*