**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG WILSON, et al. | ) | CASE NO.: 4:20CV794 |
| | ) | |
| | ) | |
| Petitioners, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, Warden of Elkton | ) | RESPONDENTS' OPPOSITION TO |
| Federal Correctional Institution, et al., | ) | PETITIONERS' EMERGENCY MOTION |
| | ) | FOR EXPEDITED DISCOVERY AND |
| Respondents. | ) | RESPONSE TO PETITIONERS REQUEST |
| | ) | FOR THE ENTRY OF A PROTECTIVE |
| | ) | ORDER |
| | ) | |

INTRODUCTION

Now come Respondents Mark Williams, Warden of Elkton Federal Correctional

Institution and Michael Carvajal, Director of Federal Bureau of Prisons, in their official

capacities ("Respondents"), and hereby respectfully oppose Petitioners' Emergency Motion for

Expedited Discovery.  Further, while Respondents agree that a protective order should be entered

in this case, Respondents oppose the entry of the protective order that was presented to the Court

by Petitioners because it contains provisions that are contrary to the purposes of the protective

order and do not properly protect confidential and sensitive information.  As a result,

Respondents request the Court order Petitioners to meet and confer in good faith to reach an

agreement on the disputed terms of the protective order or, alternatively, enter the proposed

protective order attached hereto that incorporates many of the provisions requested by Petitioners

while also protecting the privacy and security interests in certain information.  (See, Exhibit A.)

It should be noted that many of the terms have been agreed to by Petitioners since they filed their

proposed Protective Order.

1

I.      EXPEDITED DISCOVERY IS UNNECESSARY AND INAPPROPRIATE

In their Emergency Motion, Petitioners have requested discovery "pertaining to the interim class's membership and the process for carrying out the Court's order."  However, such request is unnecessary and unwarranted.

First, the primary thrust of much of the requested discovery from Petitioners is seeking information regarding the process and search criteria used by BOP to compile the list submitted to the Court on April 30, 2020 (ECF No. 35).  However, such discovery is unnecessary and not proportionate to the needs of the case because the Court has already instructed Respondents to provide that information once a protective order is issued.  (Tr. ECF No. 41 PageID # 611-12.) Once there is a protective order, Respondents will comply with the instructions of the Court and provide this information. Ordering discovery regarding the the creation and constitution of the list (Requests Nos. #1-6 ECF No 44 PageId #634-35) and why certain individuals may or may not be on the list or how it was created at this point is premature, unwarranted and unneccesarily diverts BOP resources away from the health and security of the inmates to respond to Petitioners' requests.  Further, Respondents, through counsel, have offered to meet and confer in good faith with Petitioners to discuss any concerns they may have and Respondents are willing to follow up on specific, reasonable and proportionate issues regarding particular inmates.

Second, Petitioners seek discovery regarding the BOP evaluation process regarding the eligibility for inmates to be transferred out of Eklton.  (Requests No. 7-9, ECF No. 44 PageID # 634-35.)  This discovery is likewise unnecessary for two reasons.  First, the critera for eligibility for an inmate to receive home confinement, compassionate release, or other transfer or release are set forth in the statutes and regulations.  (See, e.g., 18 U.S.C. § 3624 and 34 U.S.C. § 60541 (Home Confinement); 18 U.S.C. § 3622 (Furloughs); 18 U.S.C. § 3582, 18 U.S.C. § 4205, and

28 C.F.R. § 571.61 ("Compassionate Release").)  It is unnecessary for BOP to reiterate the

process that is set forth in the statutes and regulations.  Second, the Court instructed Respondents

to file a status report detailing to the Court (and Petitioners) where Respondents are in the

process of evaluating and moving inmates.  Since the information will already be in the status

report, emergency discovery for the same information is unwarranted and not proportional to the

needs of the case.

II.     PROTECTIVE ORDER

    A.     Timing:

By requesting this Court enter a protective order that contains their preferred langauge,

Petitioners fail to negogiate in good faith or address legitimate privacy and security concerns

about their desired language.   In bringing this unilateral request, Petitioners imply that

Respondents have been dilatory in drafting, circulating and reviewing the protective order.  This

is simply untrue.

As the Court is aware, on April 27, 2020, Petitioners filed a Notice of Appeal with the

Sixth Circuit challenging this Court's issuance of a preliminary injunction and the requirements

thereof.  (ECF No. 26 PageID # 394.)  Thereafter, on April 27, 2020, the Court held a status

conference in which it asked counsel for Respondents "to circulate a protective order to the

Petitioners…."  However, Respondents filed an Emergency Motion to Stay with this Court the

next day.  (ECF No. 29 PageID # 397.)  Respondents then filed an Emergency Motion to Stay in

the Sixth Circuit on April 29, 2020.  (Not. of Filing Mot. for Emergency Stay, ECF No. 34

PageID # 519.)  The administrative stay was denied on April 30, 2020.  (Order, ECF No. 38

PageID # 558.)  A draft of a protective order was circulated the next day after the stay was

denied by the Sixth Circuit.  (Em. Mot. for Expedited Discovery and Entry of a Protective Order,

ECF No. 44 PageID # 634.)  Any implication that this protective order was improperly delayed is

clearly unfounded.

Further, Petitioners proposed sweeping changes to the protective order in a email sent at

8:04 p.m. on May 1, 2020, a Friday night.  That e-mail was forwarded by undersigned counsel

for internal review over the weekend.  However, the analysis and review continued on Monday,

May 4, 2020, in order to give due consideration to each proposed change.  As Respondents were

completing their good faith response to Petitioners' proposed changes, Respondents received an

email requesting another change that required further internal review and deliberation.

Accordingly, Respondents were not able to send their response to Petitioners until 11:04

a.m.Tuesday, May 5, 2020.  However, Petitioners had already submitted their Motion for Entry

of a Protective Order circumventing this process.  Nevertheless, Respondents offered to continue

to work with Petitioners to reach an agreement on the language of the Protective Order.

Petitioners waited until 8:04 p.m. on May 5, 2020, to provide a response.  Unfortunately,

Petitioners and Respondents have not reached a complete agreement on the terms of the

protective order and Respondents still have concerns that the protective order that Petitioners

want does not sufficiently safeguard security and privacy interests, especially the disclosure of

confidential medical information of inmates who are not named parties to this litigation and who

will never have the option to opt out of any class status.[1]

---

[1]Discovery regarding the medical information and diagnoses of inmates (such as HIV status, AIDS, or other ailments) creates the heightened need for a strong protective order as this information may not be known to other inmates, family members or loved ones and unauthorized disclosure is not in their best interest.  Mingo v. DOJ, 793 F. Supp. 2d 447, 456 (D.D.C. 2011) (granting summary judgment in case in which plaintiff failed to show an overriding public interest compelling the release of the medical records of other inmates' and staff members' involved in an altercation).

B.     Entry of a Protective Order

Petitioners have requested that the Court unilaterally enter a protective order with their preferred language.  However, their proposed protective order contains provisions that are contrary to the purposes of the protective order and do not properly protect confidential and sensitive information.  Respondents sent a detailed response to the changes requested by Petitioners and accepted many of their changes.  Respondents have offered to meet and confer in good faith with Petitioners to reach an agreement on the remaining terms that are in dispute. Rather than lay out in detail the areas of disagreement, Respondents request the Court order Petitioners to meet and confer in good faith with Respondents to reach an agreement, to the extent possible, on the remaining disputed terms of the protective order.  Alternatively, if the parties cannot agree, Respondents request the Court enter the proposed protective order attached hereto as Exhibit A to provide for the disclosure of sensitive information while protecting the privacy interests of third parties and law enforcement sensitive information.  It should be noted that many of the terms have been agreed to by Petitioners since they filed their proposed Protective Order.

CONCLUSION

Based on the foregoing, Respondents respectfully urge this Court to deny the Emergency Motion for Expedited Discovery and to order Petitioners to meet and confer in good faith to reach an agreement on a Stipulated Protective Order.

(Signatures on the next page.)

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ James R. Bennett II
      James R. Bennett II (OH #0071663)
      Sara DeCaro (OH #0072485)
      David M. DeVito (CA #243695)
      Assistant United States Attorneys
      United States Court House
      801 West Superior Ave., Suite 400
      Cleveland, Ohio 44113
      216-622-3988 - Bennett
      216-522-4982 - Fax
      James.Bennett4@usdoj.gov
      Sara.DeCaro@usdoj.gov
      David.DeVito@usdoj.gov

      *Attorneys for Respondents*