UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CRAIG WILSON, et al., | : | CASE NO. 4:20-cv-00794 |
| Petitioners, | : | ORDER |
| | : | [Resolving Docs. 30, 37, 47, 50] |
| vs. | : | |
| MARK WILLIAMS, et al., | : | |
| Respondents. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Respondents, officials at Elkton Federal Correctional Institution, move for a stay pending the outcome of their appeal from the Court's grant of a preliminary injunction in favor of Petitioners.[1] For the following reasons, the Court DENIES Respondents' motion for a stay.

## I. Background

On April 13, 2020, Petitioners, inmates at Elkton, brought this emergency habeas action seeking release from Elkton due to the spread of COVID-19 within the prison.[2] Both Elkton's main facility and its satellite camp are low security Bureau of Prisons correctional centers.[3] They house much less dangerous inmates in wide-open dormitory rooms, typically 150 or more inmates to each dormitory.[4] Distancing is impossible.

On April 22, 2020, this Court granted a preliminary injunction to Petitioners. The

---

[1] Doc. 30.
[2] Doc. 1.
[3] Doc. 10 at 7.
[4] Id.

Case No. 4:20-cv-00794
Gwin, J.

preliminary injunction ordered Respondents to identify subclass members; evaluate each subclass member's eligibility for transfer within two weeks (by May 6), prioritizing the most medically vulnerable inmates; and transfer vulnerable inmates ineligible for home placement, furlough or compassionate release to another BOP facility.[5]

On April 27, Respondents filed an interlocutory appeal.[6] On April 28, Respondents brought the instant motion requesting a stay pending appeal.[7] Despite the Court's Order requiring Respondents' to evaluate and transfer medically vulnerable inmates by May 6, Respondents have failed to comply with the preliminary injunction.

On April 29, 2020, Respondents moved for the Sixth Circuit to stay this Court's order. On April 30, 2020, the Sixth Circuit denied Respondents' request for an administrative stay.[8] On May 4, 2020 the Sixth Circuit also denied Respondents' request for a stay pending appeal, noting that Respondents' time to comply with this Court's order was about to expire, "rendering any remaining harm slight."[9]

On May 5, 2020 this Court ordered the parties to submit briefing regarding the effect of the Sixth Circuit's stay denial on Respondents' pending motion to stay.[10] On May 6, both parties submitted briefs.[11]

II.     Discussion

Petitioners argue that the Sixth Circuit's stay denial is the law of the case and that this Court is bound by the Sixth Circuit's findings regarding the discrete stay standard

---

[5] Doc. 22.
[6] Doc. 26.
[7] Doc. 30.
[8] Doc. 38.
[9] Doc. 46.
[10] Doc. 45.
[11] Docs. 47, 50.

Case No. 4:20-cv-00794
Gwin, J.

questions addressed by the Sixth Circuit.[12] Respondents argue that the law of the case doctrine is not an "inexorable command" and that this Court derives its stay authority from a separate source than the Sixth Circuit.[13]

The Court believes that the Petitioners' arguments are more correct. The law of the case doctrine stops a court from reconsidering issues identical to those already considered, whether the issue was explicitly or implicitly decided.[14] Here, though this Court's power to issue the stay is derived from a different procedural rule than that of the Sixth Circuit,[15] the Sixth Circuit necessarily decided the legal issues underpinning a stay determination.

Even if this Court could somehow reverse the Sixth Circuit's stay denial, the Sixth Circuit considered the parties' arguments regarding each factor under the relevant legal standard and it is likely that this Court is bound by those determinations. The Respondent makes no showing that the Sixth Circuit got it wrong.

However, even if the Sixth Circuit's determination is not binding, Respondents are not entitled to a stay.

The Court considers four factors when evaluating whether a stay is warranted: (1) the applicant's likelihood of success on the merits; (2) whether the applicant will be irreparably injured without a stay; (3) whether the others will be injured by the stay; and (4) public interest.[16]

The Court considered similar factors in its preliminary injunction Order and

---

[12] Doc. 50 at 2-6.
[13] Doc. 47 at 2-5.
[14] *Hanover Ins. Co. v. American Engineering Co.,* 105 F.3d 306, 312 (6th Cir. 1997).
[15] This Court derives its authority to grant the requested stay from Federal Rule of Civil Procedure 62. The Sixth Circuit's authority relies upon Federal Rule of Appellate Procedure 8.
[16] *Cooey v. Strickland,* 589 F.3d 210, 218 (6th Cir. 2009).

Case No. 4:20-cv-00794
Gwin, J.

continues to agree with that analysis.  However, the Court will briefly outline its finding as to each factor below.

**Respondents' Likelihood of Success**: The Petitioners' have shown that they are likely to succeed on their underlying claims.  Despite Respondents' arguments to the contrary, the Petitioners' claims are properly brought as a habeas action and therefore the Prison Litigation Reform Act does not apply.  The Petitioners are likely to succeed on their Eighth Amendment violation.  The only recent change is that another inmate has died and more guards and inmates have become infected.

**Respondents' Potential Injury**: Respondents' argue that without a stay BOP would have to devote 418 man-hours or five full time staff members to complete the preliminary evaluations and then more work will need to be done in order to process inmates.[17]  However, as the Sixth Circuit noted, injuries in the form of money, time, and energy are not enough.[18]

**Petitioners' Potential Injury:**  Petitioners' potential injuries absent a stay, which include serious medical complications and possible death, far outweigh Respondents' potential injuries.  In fact, it would be hard to overstate how much more serious the potential injuries to Petitioners are compared to those cited by Respondents.  The number of infections and deaths has continued to rise since the Court's issuance of the injunction.[19]  The BOP website now reports confirmed cases of COVID-19 for 105 inmates and 49

---

[17] Doc. 29-1 at 14-15.
[18] Doc. 46 at 4-5 (citing *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).
[19] Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited May 7, 2020).

Case No. 4:20-cv-00794
Gwin, J.

staff.[20]  Eight low-security inmates have died.[21]

**Public Interest:**  The public interest continues to be served by the Court's preliminary injunction.

### III.  Conclusion

For the foregoing reasons, the Court denies Respondents' Emergency Motion for Stay Pending Appeal.

IT IS SO ORDERED.

Dated: May 8, 2020　　　　　　　　　　　　_s/　　　James S. Gwin_
　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[20] *Id.*
[21] *Id.*

-5-