UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CRAIG WILSON, ERIC BELLAMY, KENDAL NELSON, and MAXIMINO NIEVES, on behalf of themselves and those similarly situated,<br><br>     *Petitioners*,<br><br> v.<br><br>MARK WILLIAMS, warden of Elkton Federal Correctional Institutions; and MICHAEL CARVAJAL, Federal Bureau of Prisons Director, in their official capacities,<br><br>     *Respondents*. | Case No. 20-cv-0794<br><br>Judge James Gwin |

**PETITIONERS' EMERGENCY MOTION TO CIRCULATE NOTICE TO CONDITIONAL CLASS MEMBERS**

On Friday, May 8, a ninth person died from the COVID-19 outbreak at Elkton. According to the Bureau of Prisons' own press release, the decedent was 56 years old and "had long term, pre-existing medical conditions, which the CDC lists as risk factors for developing more severe COVID-19 disease[.]"[1] His name does not appear on Respondents' proposed class list in this action, however. This is only the latest demonstration that Respondents' class list is underinclusive, omitting even those people whom they admit are at substantially heightened risk.[2] For this reason, in addition to the matters discussed at the May 7 conference in this matter, Petitioners propose the following notice and production procedures.

---

[1] U.S. Department of Justice, Federal Bureau of Prisons, *Inmate Death at FCI Elkton* (May 8, 2020), https://www.bop.gov/resources/news/pdfs/20200509_pres_rel_elk.pdf.
[2] Among many known omissions to date are Petitioner Wilson, who suffers from asthma; Petitioner Bellamy, who suffers from hypertension and a regurgitating heart valve; and at least two and possibly more 65 year-old prisoners.

1

## I. Purpose and Content of Preliminary Notice to Prospective Class Members

As discussed at conference on May 7, Petitioners propose an expedited notice procedure. This will serve multiple purposes. *First*, the notice documents will gather self-reported information identifying possible class members, to help determine how and why Respondents' list is underinclusive. Although conditional class counsel do not purport to represent each prospective class member in an individual capacity, Petitioners do reserve the right to refer cooperating pro bono counsel to assist unrepresented individuals in seeking class inclusion. For that reason, Petitioners propose to include a medical release authorizing the release of medical records from Elkton to prospective counsel and staff.

*Second*, as discussed at conference, the notice will offer a preliminary opt-out for those individuals who may prefer to remain at Elkton. Petitioners note that not every class member is yet in a position to make a fully informed decision, as the nature of the transfers ordered by this Court has yet to be determined by Respondents, and so a similar mechanism may be necessary at a later date.

Per the Court's instruction and the discussion at the May 7 conference, Petitioners provided initial versions of the notice documents to Respondents on May 8, together with a brief outline of the proposed procedure. Counsel for the parties conferred late in the evening on Friday, May 8. Respondents were unable to state with certainty at that time whether they object to the drafts or the procedure. Noting the time-sensitive nature of this proceeding, Petitioners advised Respondents shortly after that call that this motion would be filed if no further information was provided, and no specific objections raised, by the morning of Sunday May 10. Respondents have provided no further information. Only slight adjustments have been made to the notice documents since counsel's discussion on May 8.

## II. Procedure to Distribute and Collect Notice

In order to expedite this process, Petitioners propose the following procedure to be completed by close of business on Thursday, May 14:

1. Petitioners are to print and ship to Elkton 2,400 printed copies of a questionnaire flyer and medical authorization (attached as Exhibit 1), and sufficient copies of an informational poster to allow for widespread display (Exhibit 2). Petitioners are also to provide 2,400 individual envelopes and an addressed shipping box or boxes for return of the collected questionnaires.

2. Respondents are to post copies of the informational poster in highly visible places throughout FCI Elkton and the satellite camp, including at least two per housing unit, at least two in the mess area, and at least one apiece in any other common areas.

3. Respondents are to distribute one copy to each prisoner of: (1) the questionnaire flyer and medical authorization, and (2) an envelope, with prisoner mail or through a similar mechanism reasonably calculated to ensure that each prisoner receives copies of each.

4. Respondents are to collect sealed envelopes containing completed flyers and medical releases, whether through mail collection or other methods reasonably calculated to ensure compliance. Though use of sealed envelopes will ensure reasonable security of personal medical information, Petitioners would agree to reasonable alternative measures to serve the same purpose.

5. By close of business on Thursday, May 14, Respondents are to ship by overnight express all collected envelopes to the address provided using the shipping box or boxes. Petitioners are to Respondents' reasonable costs of shipping in the provided box or boxes.

## III. Procedure to Expedite Gathering Medical Information

Petitioners further propose that the parties implement an expedited process to gather medical records from Elkton. Petitioners will provide copies of the executed medical releases to

Respondents. Petitioners propose that upon receipt of releases, Respondents will produce copies of all authorized medical records electronically, within one business day.[3] This process will expedite any efforts to determine the underinclusiveness of the class.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court approve the attached notice documents, and instruct Respondents to proceed with distribution, collection, and production as described herein.

Dated: May 10, 2020

Respectfully submitted,

/s/ David J. Carey
David J. Carey (0088787)
ACLU of Ohio Foundation
1108 City Park Avenue, Ste. 203
Columbus, OH 43206
Phone: (614) 586-1972
Fax: (614) 586-1974
dcarey@acluohio.org

Joseph Mead (0091903)
Freda J. Levenson (0045916)
ACLU of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44102
Phone: (614) 586-1972
Fax: (614) 586-1974
attyjmead@gmail.com
flevenson@acluohio.org

David A. Singleton (0074556)
Mark A. Vander Laan (0013297)
Michael L. Zuckerman (0097194)
Ohio Justice & Policy Center
915 East Ninth Street, Suite 601
Cincinnati, OH 45202
Phone: (513) 421-1108
dsingleton@ohiojpc.org
mvanderlaan@ohiojpc.org
mzuckerman@ohiojpc.org

*Counsel for Petitioners*

---

[3] As a general matter, Petitioners do not object to producing copies to Respondents of all collected information, subject to any appropriate confidentiality designations.

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2020, the foregoing was filed with the Court's CM/ECF system. Notice of this filing will be sent by operation of that system to all counsel of record.

/s/ David J. Carey
David J. Carey (0088787)

*Counsel for Petitioners*
