# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CRAIG WILSON, et al., | ) CASE NO.: 4:20cv794 |
| | ) |
| Petitioners, | ) JUDGE JAMES S. GWIN |
| | ) |
| v. | ) |
| | ) |
| MARK WILLIAMS, Warden of Elkton | ) |
| Federal Correctional Institution, et al., | ) **RESPONDENTS' SECOND RESPONSE** |
| | ) **TO THE COURT'S MAY 19, 2020** |
| | ) **ORDER** |
| Respondents. | ) |

Pursuant to the Court's May 19, 2020 Order, ECF No. 85, Respondents respectfully submit these following responses in compliance with the requirements of that Order:

A.    HOME CONFINEMENT

In its order, the Court instructed Respondents to "make full use of the home confinement authority" and to "(a) eliminate all requirements that the inmate have served some part of his sentence to be eligible for home confinement; (b) disregard any incident reports at the low or moderate severity levels (300 or 400 levels); (c) disregard the violence offense restriction for any inmate whose underlying conviction involved an offense that occurred more than 5 years ago or for which the only basis or denial is a prior violent offense; (d) grant home confinement to inmates who were previously deemed ineligible solely on the basis of a Low PATTERN risk score; and (e) eliminate the requirement that the inmate be a U.S. citizen." (ECF No. 85 PageID # 1129.) The Court further ordered Respondents to provide a detailed description of the basis for

the denial of home confinement to any subclass members that Respondents find do not meet the Court's home confinement criteria. Respondents hereby notify the Court that as of the time of this filing, Respondents actively continue to re-evaluate every subclass member's eligibility for home confinement. Prior to this filing Respondents produced additional detailed information consisting of an additional 296 files related to those re-evaluations to Petitioners for a combined total of approximately 380 inmates. The remaining inmates who have been re-evaluated by BOP are being further reviewed by the BOP so not all of their documentation has yet been produced. Respondents continue to work on the reevaluations and anticipate that all remaining re-evaluations will be completed, and the related documentation produced, by May 26, 2020.

B.  COMPASSIONATE RELEASE

In its order, the Court required Respondents to clarify the listed rationale for recommending denial of certain compassionate release petitions that were previously noted as "does not meet medical criteria" or "COVID-19 Only." (ECF No. 85 PageID # 1131.) Respondents have produced detailed documentation to Petitioners regarding the rationale for recommending approval or denial of compassionate release for subclass members including internal review memorandums from health services and letters from the Warden to the inmate. As of this filing, Respondents believe they have provided all relevant information that they have in their possession or control that is required by the Court's Order, but will supplement its responses to the Court and/or its production to Petitioners if additional relevant information is identified.

Further, Respondents inform the Court that BOP has begun quarantining medically vulnerable inmates in the Elkton Chapel and Gymnasium for transfers in accordance with the Court's Orders.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: */s/ James R. Bennett II*
James R. Bennett II (OH #0071663)
Sara E. DeCaro (OH #0072485)
David M. DeVito (CA #243695)
Assistant United States Attorneys
United States Courthouse
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113
216-622-3988 - Bennett
216-522-4982 - Fax
James.Bennett4@usdoj.gov
Sara.DeCaro@usdoj.gov

*Attorneys for Respondents*