# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG WILSON, et al., | ) | CASE NO.: 4:20cv794 |
| | ) | |
| Petitioners, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, Warden of Elkton | ) | |
| Federal Correctional Institution, et al., | ) | **RESPONDENTS' THIRD RESPONSE** |
| | ) | **TO THE COURT'S MAY 19, 2020** |
| | ) | **ORDER** |
| Respondents. | ) | |

Pursuant to the Court's May 19, 2020 Order, ECF No. 85, Respondents respectfully submit these following responses in compliance with the requirements of that Order:

A.     HOME CONFINEMENT

In its order, the Court instructed Respondents to "make full use of the home confinement authority" and to "(a) eliminate all requirements that the inmate have served some part of his sentence to be eligible for home confinement; (b) disregard any incident reports at the low or moderate severity levels (300 or 400 levels); (c) disregard the violence offense restriction for any inmate whose underlying conviction involved an offense that occurred more than 5 years ago or for which the only basis or denial is a prior violent offense; (d) grant home confinement to inmates who were previously deemed ineligible solely on the basis of a Low PATTERN risk score; and (e) eliminate the requirement that the inmate be a U.S. citizen." (ECF No. 85 PageID # 1129.) The Court further ordered Respondents to provide a detailed description of the basis for

the denial of home confinement to any subclass members that Respondents find do not meet the Court's home confinement criteria. Respondents hereby notify the Court that BOP has re-evaluated every subclass member's eligibility for home confinement. Documentation of those re-evaluations have been provided to Petitioners. Of the 846 inmates reviewed, 80 were identified for further review by BOP's Correctional Programs Division. Twenty-six (26) of those cases were forwarded to BOP Central Office last week, with 8 approved for transfer and 18 approved home confinement placement. Placement of the remaining 54 is still being determined.

B.  TRANSFER

In its Order, the Court instructed Respondents that, "for each inmate Respondents continue to deem ineligible for home confinement or compassionate release, Respondents are ordered to show cause in the form of an individualized determination for why that inmate cannot be transferred to another BOP facility where social distancing is possible…." Respondents notify the Court that the subclass members who are ineligible for release are being transferred to other BOP facilities where social distancing is possible. BOP has started placing groups of subclass members in quarantine for transfer as space is available in the quarantine areas. Inmates with the most severe medical Care Levels and highest risk were prioritized for placement in quarantine. Assuming negative COVID-19 tests for the quarantine group, the first group of subclass members are scheduled to be transferred out of Elkton on or about June 5, 2020.

(Signatures on next page)

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: */s/ James R. Bennett II*
James R. Bennett II (OH #0071663)
Sara E. DeCaro (OH #0072485)
David M. DeVito (CA #243695)
Assistant United States Attorneys
United States Courthouse
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113
216-622-3988 - Bennett
216-522-4982 - Fax
James.Bennett4@usdoj.gov
Sara.DeCaro@usdoj.gov

*Attorneys for Respondents*