IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---

CRAIG WILSON, et al.,
(Petitioners)

Vs.

MARK WILLIAMS, et al.,
(Respondents)

CASE # 4:20-CV-00794

Hon. JAMES S. GWIN

FILED
1:14 pm Jun 05 2020
Clerk U.S. District Court
Northern District of Ohio
Cleveland

---

MOTION TO INTERVENE IN THE CLASS ACTION (FED. R. CIV. P. 24) AND MOTION FOR AN ORDER REQUIRING RESPONDENTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING COURT'S INJUNCTION.

---

Petitioner-Intervenor, George Winkelman ("Movant"), files this motion to intervene in the Instant Class Action and requests this Court to issue an order requiring the respondents to show cause why they should not be held in contempt for failing to comply with this court's previously issued orders. In support thereof, movant respectfully avers the following:

I. BACKGROUND OF THE CASE

On April 13, 2020, Petitioners, Inmates at Elkton Federal Correctional Institution, brought emergency

1.

habeas action seeking preliminary and injunctive relief due to the spread of COVID-19 within the prison. This Court held hearing on the matter and on April 22, 2020, granted preliminary injunctive relief to two subclass under Federal Rule of Civil Procedure (Fed. R. Civ. P.) Rule 23(b)(2). The Court declared these subclass as; (1) inmates over 65 years old and (2) inmat. those are identified by the CDC as being at higher risk. See Docket #22, pageID # 363.

This Court also ordered the Respondents to identify all the members of the subclass. On April 30, 2020, the Respondents filed the list of vulnerable inmates in subclass. See Docket #35-1. On May 14, 2020, the Respondents notified all the inmates at FCI Elkton about the class action and distributed forms in which inmates can indicate if they were members of the subclass. Movant filled the required document claimin that he is suffering from medical condition and thus qualifies as a member of the subclass. These forms were submitted to the Respondents through the Unit team.

On May 19, 2020, this Court issued a modified order stating that Respondents have been ineffective at stopping the spread of COVID-19 at FCI Elkton and "have made only a minimal effort" to select the inmate

2.

who qualify for home confinement. See Docket #85, pageID #1126 (citing CARES Act, Pub.L. No. 116-136, §12003(b)(2) and Memorandum for Director of Bureau of Prisons by Attorney General William P. Barr). Also see PageId #1129 ("By thumbing their nose to their authority to authorize home confinement, Respondents threaten staff and they threaten low security inmates.").

This Court ordered the Respondents to "make full use of home confinement authority beyond the paltry grants" it has already issued. The court ordered Respondents to (a) eliminate all requirements that the inmate has served part of his sentence to be eligible; (b) disregard low or moderate severity incident reports; (c) disregard any violent offense which occurred more than 5 years ago; (d) make low PATTERN score inmates eligible, and (e) eliminate the requirement that inmate must be a U.S. citizen. See PageId #1129. The Court furthered ordered that if Respondent find an inmate as not meeting the modified criteria, they have to "provide a detailed description of the basis for the denial." Id.

This Court also ordered Respondents to clarify their rationale for denying the compassionate release petitions and "explain why a member of the subclass who, by definition, meets the CDC's criteria for having a medical

3.

complication high risk do not qualify for compassionate release based on his medical conditions." see PageId #1131). Respondents were ordered to provide "individual explanations for each inmate. Id.

On May 26, 2020, the United States Supreme Court, through a 6-3 majority order, refused to impose a stay for April 22, 2020 preliminary injunction against the Respondents.

## II. MOVANT IS A MEMBER OF THE SUBCLASS

The Respondents have already identified movant as a member of the subclass in their submission to this court. See Docket #35-1, page 2, pageId #524. Movant had a heart surgery in 2017 due to his coronary artery disease. He is also suffering from chronic hypertension, high cholesterol and chronic acid reflux. He has also been treated by neurosurgeon for deteriorating discs in his lower back. The Bureau of Prisons have all of movant's medical records which confirm that he is a medically vulnerable inmate and can have serious complications and hospitalization due to COVID-19 pandemic.

4.

## III. APPLICABLE LAW

### A. REQUEST TO INTERVENE OR FOR A PROCEDURAL ORDER

Under the Rule 23(d) of Fed.R.Civ.P., this court is authorized to enter an order in this class action permitting members of the class, such as movant, to intervene in the class action to present claims if and when those class members show that their rights are not adequately represented in the action. See Fed.R.Civ.P. 24, advisory committee notes of 1996 ("a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.").

Movant, as a class member, is not a party to this action, but the broad language of Rule 23(d) regarding the court's authority to enter orders in such an action, e.g., "to determine the course of proceedings," Fed.R.Civ.P. 23(d)(1)(A) and "deal with similar procedural matters," Fed.R.Civ.P. 23(d)(1)(E), suggest that there is no impediment to the court's entering an order adjudicating instant motion. Moreover, as a part of its broad authority to control the class actions certified under Rule 23, the Court can also enter "orders that ... impose conditions on the representative parties or on intervenors." See Fed.R.Civ.P. 23(d)(1)(C).

Thus, the Courts interpret the Rule 23(d) broadly to provide whatever authority the court needs to issue any type of order if that order will promote the conduct of the action or protect the interests of absent class members. See County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1304 (2nd. Cir. 1990). Also See 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc, §1794 (3rd Ed. 1998) ("the rule grants the Court a wide range of discretion and authority to manage class actions.").

B. REQUEST FOR AN ORDER TO SHOW CAUSE WHY RESPONDENTS SHOULD NOT BE HELD IN CONTEMPT.

"Civil Contempt... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Go-Video v. Motion Pictures Ass'n of Am., 10 F.3d 693, 695 (9th Cir 1993). "The contempt 'need not be willfull,' and there is no good-faith exception to the requirement of obedience to a court order." Id. A movant in civil contempt proceeding bears the burden of establishing by clear and convincing evidence that (1) a court order was in effect, (2) that the order required certain conduct by the respondent and (3) that the respondent failed to comply with the court's order. See Martin v. Trinity Industries, 959 F.2d 45, 47 (5th Cir 1992).

## IV. ARGUMENT

Movant contends that the Respondents have not complied with the Court's injunction and moves for relief from court to obtain compliance with this Court's April 22, 2020 and May 19, 2020, order through civil contempt or any other appropriate equitable or remedial powers available to the court. The record in Movant's case shows that the Respondents have made no efforts to address the requirements of this Court's order, and have shown an overall lack of a sense of urgency in this pandemic, and further disregarded a substantial risk of harm to movant.

Movant is a prime candidate to be eligible for a compassionate release or home confinement. He is 63 years old and has been incarcerated past 18 years for a non-violent drug conspiracy. He has no previous criminal convictions for any violence and has not been issued a single disciplinary incident report during his entire 18 years of incarceration in BOP.

Movant filed a request to the warden for a compassionate release explaining his medical condition and provided release plan. See EXHIBIT A. But his request was denied by warden in a single sentence that he does "not meet the criteria for a compassionate release." See EXHIBIT B. Not only this denial lacked any specificity for the basis of denial; it was patently absurd on its face as BOP itself identified movant as a

7.

medically vulnerable inmate through the list of subclass submitted to this court.

The Respondents actions amount to placing a "knee on the neck" of the medically vulnerable inmates and ignoring all their cries for help. This court already knows that Respondents have utterly failed to slow the spread of SARS-COV-2 within FCI Elkton and the high density of population and lack of social-distancing makes federal prison ideal transmission grounds for the virus.

Movant presents a de minimus risk of recidivism due to his age and he has further demonstrated that in past 18 years by distancing himself from any criminal behavior or violation of any prison rules. He should be immediately eligible for home confinement or a compassionate release and this court is request to issue an order directing Respondents for the same.

## V. CONCLUSION

WHEREFORE, based on foregoing reasons, this court is respectfully requested to issue an order of show cause to respondents as to why a contempt order should not be issued.

Respectfully Submitted

*George Winkelman*

Date: June 1, 2020

GEORGE WINKELMAN
REG NO: 10505-067

8.

# CERTIFICATE OF SERVICE

I, George Winkelman, hereby certify that true and correct copies of the foregoing motion was mailed to the following address via United States Mail, postage prepaid, according to Fed. R. Civ. P. 5.

1. James R. Bennett II
Sara DeCaro
Assistant U.S. Attorneys
U.S. Courthouse
801 West Superior Ave, Ste 400
Cleveland, OH 44113.

2. David A. Singleton
Michael L. Zuckerman
Ohio Justice & Policy Ctr
215 East 9th Street
Suite 601
Cincinnati, OH 45202

3. David J. Carey
ACLU of OHIO - Columbus
1108 City Park Ave, Ste 203
Columbus, OH 43206

4. Freda J. Levenson
ACLU of OHIO
4506 Chester Ave
Cleveland, OH 44103

5. Mark A. Vander laan
Dinsmore & Shohl - Cincinnati
255 East Fifth Street, Ste 1900
Cincinnati, OH 45202.

Date: June 1, 2020

George Winkelman
GEORGE WINKELMAN