# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CRAIG WILSON, ERIC BELLAMY, KENDAL NELSON, and MAXIMINO NIEVES, on behalf of themselves and those similarly situated,<br><br>*Petitioners*,<br><br>v.<br><br>MARK WILLIAMS, warden of Elkton Federal Correctional Institutions; and MICHAEL CARVAJAL, Federal Bureau of Prisons Director, in their official capacities,<br><br>*Respondents*. | Case No. 20-cv-0794<br><br>Judge James Gwin |

**PETITIONERS' RESPONSE TO THE COURT'S JULY 10, 2020 ORDER**

Pursuant to the Court's July 10, 2020 Order, Petitioners respectfully submit this supplemental brief regarding the effect of the Sixth Circuit's June 9, 2020, ruling on Petitioners' pending Motion for Class Certification (ECF No. 33).

**I. The Sixth Circuit Ruling Vacated the Preliminary Injunction But Is Silent on the Class Certification Motion**

As noted in Petitioners' recent Emergency Motion to Serve Expedited Discovery (ECF No. 141), the Sixth Circuit vacated the April 22, 2020 preliminary injunction in this matter on the basis that "petitioners have not provided sufficient evidence to show that the BOP was deliberately indifferent to the serious risk of harm presented by COVID-19 at Elkton." Opinion, 6th. Cir. Case No. 20-3447, ECF No. 54-2 ("6th Cir. Op.") at 19. It did not hold that there can be no evidence that would demonstrate deliberate indifference—nor could it, as there has been only very tightly circumscribed discovery in this matter—but rather found that such evidence had not been presented.

1

Nothing in the Sixth Circuit's ruling, however, affected Petitioners' satisfaction of the requirements of Rule 23(a):

- *Numerosity*. Respondents report that FCI Elkton currently houses 2,212 people.[1] Respondents' initial list of medically-vulnerable individuals in Elkton comprised 837 people. That list, as Respondents later conceded, erroneously omitted nine people, and two have since died of COVID-19. Petitioners maintain that the list remains under-inclusive, but in any event, these numbers meet the requirement of numerosity. *See* Class Cert. Motion, ECF No. 33-1 at 2–3; *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006).

- *Commonality*. It requires "only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013). The proposed class and subclass still share numerous common questions of fact and law, including the facts surrounding the spread and lethality of COVID-19 at Elkton, whether those housed there are being treated in accordance with CDC guidance, and whether Respondents' actions and inactions constitute deliberate indifference. *See* Class Cert. Motion, ECF No. 33-1 at 3–4. Nothing in the Sixth Circuit's opinion, including its finding of an evidentiary shortfall as to deliberate indifference, impacts the fact that the class and subclass share common questions. *See, e.g.*, *Rikos v. Proctor & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) (class plaintiffs need not show that they were in fact injured in order to show commonality, but rather that their claims "depend upon a common contention" capable of classwide resolution) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

---

[1] *See* Federal Bureau of Prisons, FCI Elkton, *available at* https://www.bop.gov/locations/institutions/elk/ (last visited July 16, 2020).

- *Typicality and Adequacy*. Nothing in the Sixth Circuit's ruling impacts the typicality of the named Petitioners in this action, or their ability to adequately represent the class. *See* Class Cert. Motion, ECF No. 33-1 at 5. Petitioners' claims are still "typical of the claims . . . of the class," Fed. R. Civ. P. 23(a)(3), and Petitioners will still "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4).

- *Rule 23(b)(2)*. Nothing in the Sixth Circuit's opinion undermines the applicability of Rule 23(b)(2). That Rule applies where, as here, Respondents "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 59 (3d Cir. 1994) (Rule 23(b)(2) "is almost automatically satisfied in actions primarily seeking injunctive relief" and "[w]hat is important is that the relief sought by the named plaintiffs should benefit the entire class."); Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1776.1 (3d ed.) ("[A] common use of Rule 23(b)(2) is in prisoner actions brought to challenge various practices or rules in the prisons on the ground that they violate the constitution."). The Sixth Circuit's ruling that Petitioners had not met their evidentiary burden as to deliberate indifference at the preliminary injunction stage has no effect here.

Accordingly, nothing in the Sixth Circuit's ruling calls into question the merits of Petitioners' Motion for Class Certification (ECF No. 33). That motion should be granted.

## II. Dicta in the Sixth Circuit's Ruling May Relate to Class Certification

The Sixth Circuit concluded, as this Court had in the April 22 injunction, that Petitioners' claims were properly brought under 28 U.S.C. § 2241. 6th Cir. Op. at 9. In passing, it made two observations in dicta.

3

First, it stated that petitioners outside of the medically-vulnerable subclass "sought improvement in the conditions at Elkton rather than release," and so were "not appropriately considered under § 2241." 6th Cir. Op. at 10. This is dicta; indeed, the question of whether this Court properly found a lack of § 2241 jurisdiction as to the broader proposed class was not before the Sixth Circuit at all. Petitioners stand on their Motion for Class Certification on this matter.

Second, the Sixth Circuit stated that the available relief under § 2241 is circumscribed, *see id.* at 11, and that the provision of the April 22 order "requiring transfer from Elkton to another BOP facility was not proper under § 2241." *Id.* at 11. Again, this is dicta, as the Sixth Circuit's finding of a lack of likelihood of success on the merits was "dispositive" on its own. *See id.* at 19.

Notably, however, Respondents have argued at various stages of previous briefing that class certification is improper because some prisoners may not wish to be transferred to higher-security facilities. *See* Opp. to Motion to Circulate Notice, ECF No. 60 at 4; Petitioner-Appellants' Opening Brief, 6th Cir. Case No. 20-3447, ECF No. 35 at 61. As Petitioners have responded at each stage, Respondents' contention is meritless. *See* Reply, ECF No. 65-1 at 4–8; Respondent-Appellees' Brief, 6th Cir. Case No. 20-3447, ECF No. 40 at 60–61. Should this Court determine, however, that the Sixth Circuit's ruling should be construed to remove transfers to other BOP institutions from the realm of potential relief in this action, then that would undercut Respondents' objection on this point and further confirm that Petitioners satisfy the commonality and typicality requirements of Rule 23(a), as well as the requirements of Rule 23(b)(2).

4

## CONCLUSION

For the foregoing reasons, Petitioners ask this Court to certify the Class and Subclass described in the April 29, 2020 Motion for Class Certification (ECF No. 33).

Dated: July 20, 2020

Respectfully submitted,

/s/ David J. Carey
David J. Carey (0088787)
ACLU of Ohio Foundation
1108 City Park Avenue, Ste. 203
Columbus, OH 43206
Phone: (614) 586-1972
Fax: (614) 586-1974
dcarey@acluohio.org

Joseph Mead (0091903)
Freda J. Levenson (0045916)
ACLU of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44102
Phone: (614) 586-1972
Fax: (614) 586-1974
attyjmead@gmail.com
flevenson@acluohio.org

David A. Singleton (0074556)
Mark A. Vander Laan (0013297)
Michael L. Zuckerman (0097194)
Ohio Justice & Policy Center
915 East Ninth Street, Suite 601
Cincinnati, OH 45202
Phone: (513) 421-1108
dsingleton@ohiojpc.org
mvanderlaan@ohiojpc.org
mzuckerman@ohiojpc.org

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, the foregoing was filed with the Court's CM/ECF system. Notice of this filing will be sent by operation of that system to all counsel of record.

/s/ David J. Carey
David J. Carey (0088787)

*Counsel for Petitioners*

6