UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                |   |                           |
|--------------------------------|---|---------------------------|
| CRAIG WILSON, et al.,          | : | CASE NO. 4:20-cv-00794    |
| Petitioners,                   | : | ORDER                     |
|                                | : | [Resolving Docs. 113, 121]|
| vs.                            | : |                           |
| MARK WILLIAMS, et al.,         | : |                           |
| Respondents.                   | : |                           |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioners, inmates at Elkton Correctional Institution, sue Respondents, Elkton officials, seeking relief, on behalf of themselves and other inmates, due to the spread of COVID-19 within the facility. Eric Henderson and George Winkleman, inmates at Elkton Federal Correctional Facility, have separately filed motions to intervene in the present litigation.[1] Winkleman also requests an order to show cause why Respondents should not be held in contempt.[2] Petitioners state that they do not take a position as to these motions.[3] Respondents oppose.[4]

### I. Motions to Intervene

A party may intervene in an action by right under Rule 24(a) or with permission under Rule 24(b). Henderson seeks permissive intervention under Rule 24(b), while Winkleman does not specify which type of intervention he seeks. As such, the Court will consider Winkleman's motion under Rule 24(a) and both motions under Rule 24(b).

---

[1] Docs. 113 and 121.
[2] Doc. 113.
[3] Docs. 119 and 129.
[4] Docs. 123 and 132. Winkleman filed a reply. Doc. 134.

Case No. 4:20-cv-00794
Gwin, J.

### A. Intervention as of Right

In order to intervene as of right, Winkleman must establish four factors:

the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.[5]

For ease of analysis, the Court starts with the fourth factor. Although Winkleman's burden as to the fourth factor is minimal, Winkleman fails to argue that the parties to the litigation cannot adequately protect his interest.[6] Instead, he argues that Petitioners' *counsel* may not represent his interest, which is not the relevant question.

Winkleman argues that Petitioners' counsel might not represent all the potential class members because each have diverse home confinement qualification factors and that he might be bound by a settlement against his interest.[7] To the extent these can be interpreted as arguments that the parties cannot represent his interests, Winkleman still does not satisfy his burden. Winkleman does not say how any potential settlement could be detrimental to him. And Winkleman's assertion that he qualifies for home confinement and his request for the Court to compel Respondents to grant that relief misconstrue the home confinement authority. The Court cannot grant Winkleman home confinement, nor can it compel Respondents to do so.

For similar reasons, Winkleman fails to satisfy the third factor, which considers whether his interests may be impaired without his intervention. Winkleman does not

---

[5] *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).
[6] *Ne. Ohio Coal. for Homeless and Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).
[7] Doc. 134 at 2.

-2-

Case No. 4:20-cv-00794
Gwin, J.

address this factor, but seemingly seeks to intervene only as a means of litigating the merits of his individual home confinement and compassionate release claims.[8] But this is not the forum to do so. As stated previously, this Court cannot grant home confinement and only Winkleman's sentencing court can grant compassionate release.

Because, at a minimum, Winkleman does not satisfy the third and fourth requirements, the Court denies his request to intervene as of right.[9]

### B. Permissive Intervention

For permissive intervention, Winkleman and Henderson must each establish that their motion to intervene is timely and that it alleges at least one common question of law or fact.[10] The Court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether in the court's discretion, intervention should be allowed."[11]

The timeliness inquiry requires the Court to consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.[12]

After weighing the above factors, the Court declines to exercise its discretion to

---

[8] Doc. 113 at 7-8.
[9] *Coalition to Defend Affirmative Action*, 501 F.3d at 779 (finding that because the proposed intervenors failed to meet one factor the motion to intervene should be denied).
[10] *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).
[11] *Id.*
[12] *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The timeliness inquiry under the intervention as of right standard and the permissive intervention standard is the same. *Kirsch v. Dean*, 733 F. App'x. 268, 279 (6th Cir. 2018).

-3-

Case No. 4:20-cv-00794
Gwin, J.

allow either Henderson or Winkleman to intervene in this case. While the litigation has only been pending for several months, the case's emergency and expedited nature means that it has progressed beyond most cases pending for a similar amount of time.

Furthermore, both intervenors appear to seek to intervene solely to obtain home confinement or compassionate release individually,[13] but such relief is not available through this litigation. Finally, the somewhat unusual nature of this case—a class action habeas proceeding—counsels against allowing individual inmates to intervene absent compelling reasons for doing so, which neither potential intervenor presents.

The Court denies both Henderson and Winkleman's requests to intervene.

## II. Order to Show Cause

Winkleman also requests an order to show cause why Respondents should not be held in contempt for failing to comply with the Court's injunction. Because the Sixth Circuit vacated this Court's April 22, 2020 preliminary injunction order and the Supreme Court stayed the April 22, 2020 and May 19, 2020 preliminary injunction orders, Winkleman's request is moot.[14]

## III. Conclusion

For the foregoing reasons, the Court **DENIES** the motions to intervene and **DENIES** Winkleman's request for an order to show cause.

---

[13] Docs. 113 and 121.
[14] Docs. 111 and 117.

-4-

Case No. 4:20-cv-00794
Gwin, J.

    IT IS SO ORDERED.

Dated: July 23, 2020                        *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE