UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

CRAIG WILSON, et al.,

  Petitioners,

vs.

MARK WILLIAMS, et al.,

  Respondents.

:
:
:
:
:
:
:
:
:
:
:

CASE NO. 4:20-cv-00794

ORDER
[Resolving Doc. 141]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioners, inmates at Elkton Correctional Institution, sue Respondents, Elkton officials, seeking relief, on behalf of themselves and other inmates, due to the spread of COVID-19 within the facility. Petitioners move for expedited discovery.[1] Respondents oppose.[2]

For the following reasons, the Court **GRANTS** Petitioners' request for expedited discovery.

### I. Background

The factual background of this case has been recounted in the Court's previous orders. In short, Petitioners bring this action challenging Respondents' COVID-19 response at Elkton. At last count, over one thousand Elkton inmates had tested positive for COVID-19, and several inmates have died.[3]

On April 22, 2020, this Court issued a preliminary injunction.[4] On May 19, 2020,

---

[1] Doc. 141.
[2] Doc. 143.
[3] Doc. 169.
[4] Doc. 51.

Case No. 4:20-cv-00794
Gwin, J.

the Court granted Petitioners' motion to enforce the preliminary injunction.[5] Respondents appealed both orders, and the U.S. Supreme Court stayed enforcement of both orders pending the appeals.[6].

On June 9, 2020, the Sixth Circuit vacated the April 22, 2020 preliminary injunction.[7] Respondents' appeal of the May 19, 2020 order enforcing the preliminary injunction is still pending.

On June 12, 2020, Petitioners say that they served Respondents with interrogatories and requests for production with the request that Respondents provide the discovery within 14 days.[8] Fourteen days later, on June 26, 2020, Respondents declined to provide the requested discovery.[9] The instant motion followed.

## II. Discussion

Courts apply Rule 6(a) of the Rules Governing § 2254 Cases to discovery requests in § 2241 proceedings.[10] Courts can "allow a petitioner to engage in discovery upon a showing of good cause."[11] The good cause standard requires "reason to believe that the petitioner[s] may, if the facts are fully developed, be able to demonstrate that [they are] entitled to relief."[12]

Petitioners allege that Respondents' response to the spread of COVID-19 at Elkton

---

[5] Doc. 85.
[6] Doc. 111.
[7] *Wilson v. Williams,* 961 F.3d 829 (6th Cir. 2020).
[8] Docs. 141 at 2.
[9] Doc. 141-2.
[10] *Bowers v. U.S. Parole Comm'n, Warden,* 760 F.3d 1177, 1183 n.8 (11th Cir. 2014) (noting that the § 2254 rules can be applied to § 2241 cases); *Antonelli v. Rios,* No. 06-283-GFVT, 2009 WL 790171, at *3 (E.D. Ky. Mar. 24, 2009) (applying § 2254 discovery standard to § 2241 case); *Green v. Smith,* No. 2:08-CV-10198-DT, 2008 WL 2447144, at *2 (E.D. Mich. 2008) (same).
[11] *Antonelli,* 2009 WL 790171, at *3.
[12] *Bracy v. Gramley,* 520 U.S. 899, 909-910 (1997).

Case No. 4:20-cv-00794
Gwin, J.

has been so ineffective as to constitute a violation of their Eighth Amendment rights.[13] Mass testing has revealed the extent to which COVID-19 has spread throughout the institution. Despite Respondents' measures, as of August 4, 2020, Respondents have reported 1,027 positive COVID-19 tests. And, as the Sixth Circuit noted, there are disputes between the parties regarding the conditions within the prison and the implementation of safety measures.

If, as the Petitioners allege, the evidence reveals that Respondents knew that their efforts were insufficient or doomed to fail, then Petitioners might succeed in demonstrating their entitlement to relief. If the Petitioners can show Defendants' subjective appreciation of COVID-19 risks and subjective intent to violate Petitioners' rights by inadequate response, then Petitioners might win their claim.

The Court therefore finds that there is good cause to grant discovery. Respondents' arguments to the contrary are not persuasive.

First, Respondents say that there is no right to discovery as a matter of course in habeas proceedings.[14] However, while habeas petitioners are not typically entitled to discovery, there is no broad prohibition of discovery in habeas proceedings. Indeed, some courts have allowed discovery in § 2241 habeas proceedings.[15]

Second, Respondents say that Petitioners have not shown good cause for discovery.[16]

Respondents argue that the Sixth Circuit's ruling foreclosed many of Petitioners'

---

[13] Doc. 1.
[14] Doc. 143 at 1-2.
[15] *See, e.g.*, Bowers, 760 F.3d at 1184-5 (granting discovery in § 2241 proceeding).
[16] Doc. 143 at 2-5.

-3-

Case No. 4:20-cv-00794
Gwin, J.

claims and that the present discovery request is a fishing expedition through which Petitioners hope to find a viable claim.[17]

But this is a misreading of the Sixth Circuit's opinion. The Sixth Circuit found that "the district court's order requiring transfer from Elkton to another BOP facility was not proper under § 2241," but "decline[d] to set forth a comprehensive list of permissible forms of relief."[18] The Sixth Circuit's ruling did not, as Respondents suggest, necessarily leave "Petitioners without a viable cause of action."[19]

Furthermore, the Sixth Circuit's review of the preliminary injunction was based solely on information available "as of April 22" at which point, as the appellate court noted, this Court had not held a formal hearing or resolved factual discrepancies.[20] In other words, Petitioners' inability to demonstrate deliberate indifference on appeal was only dispositive as to the evidence before the Court as of the issuance of the preliminary injunction rather than being dispositive of Petitioners' entire case.[21] And the Court applied a different standard, which required a *likelihood* of success on the merits, as opposed to a showing that Petitioners *may* be able to demonstrate entitlement to relief, which is all that is required here.

The Sixth Circuit's decision did not wholly foreclose the possibility that Petitioners could be entitled to relief. Instead, it held that, as of April 22, 2020, the Petitioners had not demonstrated a likelihood of success on the merits because they had not "provided

---

[17] *Id.* at 3-5.
[18] *Wilson,* 961 F.3d at 839.
[19] Doc. 143 at 4.
[20] *Wilson,* 961 F.3d at 840.
[21] Doc. 143 at 3.

Case No. 4:20-cv-00794
Gwin, J.

sufficient evidence to show that the BOP was deliberately indifferent."[22]  That decision is not dispositive of this motion.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioners' request for expedited discovery.  The Court orders Respondents to respond and otherwise comply with Petitioners' discovery requests as detailed in Petitioners' motion for expedited discovery within 14 days of this order.

IT IS SO ORDERED.

Dated: August 6, 2020                                *s/        James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE

---

[22]